# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AARON BROTHERS, INC., a Delaware Corporation; MICHAELS STORES, INC., a Delaware Corporation, and DOES 1 THROUGH 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HEATHER BASILE, individually and on behalf of all similarly situated employees of Defendants in the State of California,

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| --- |
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**02/01/2017** at 02:21:59 PM<br>Clerk of the Superior Court<br>By Patrick Gonzaga, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br>County of San Diego, 330 W. Broadway, Room 225, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):* 37-2017-00004172-CU-OE-CTL |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nicole R. Roysdon, GRAHAMHOLLIS, APC, 3555 Fifth Avenue, Suite 200, San Diego, CA 92103

| DATE: 02/02/2017<br>*(Fecha)* | Clerk, by *(Secretario)* | F. Gonza | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Michaels Stores, Inc., a Delaware corporation.

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 2/6/17

| | | Page 1 of 1 |
| --- | --- | --- |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

EXHIBIT A TO CHRISTIE DECL. - PAGE 3

GRAHAM**HOLLIS** APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
Nicole R. Roysdon (SBN 262237)
nroysdon@grahamhollis.com
3555 Fifth Avenue, Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/01/2017** at 02:21:59 PM

Clerk of the Superior Court
By Patrick Gonzaga,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| HEATHER BASILE, individually and on behalf of all similarly situated employees of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>AARON BROTHERS, INC., a Delaware Corporation; MICHAELS STORES, INC., a Delaware Corporation, and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No.: 37-2017-00004172-CU-OE-CTL<br><br>*Unlimited Civil*<br>*Amount Demanded exceeds $25,000.00*<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Failure to Provide Meal Periods;<br>2. Failure to Provide Rest Periods;<br>3. Failure to Pay Minimum and Regular Wages;<br>4. Failure to Pay All Overtime Wages;<br>5. Failure to Indemnify Necessary Business Expenses;<br>6. Failure to Provide Accurate Wage Statements;<br>7. Failure to Timely Pay All Wages Due Upon Separation of Employment;<br>8. Violation of Business & Professions Code §17200, *et seq.*<br><br>**– JURY TRIAL DEMANDED –** |

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

EXHIBIT A TO CHRISTIE DECL. - PAGE 4

1    HEATHER BASILE, individually and on behalf of all similarly situated employees of AARON

2  BROTHERS, INC., MICHAELS STORES, INC., and DOES 1 through 100, inclusive, alleges as

3  follows:

**I.**

## INTRODUCTION

6    1.    Plaintiff HEATHER BASILE ("Plaintiff") brings this individual and putative class action

7  against AARON BROTHERS, INC. ("AARON BROTHERS"), MICHAELS STORES, INC.

8  ("MICHAELS"), and DOES 1 through 100, inclusive (collectively, "Defendants") for engaging in a

9  pattern of wage and hour violations under the California Labor Code and the Industrial Welfare

10  Commission ("IWC") Wage Orders.

11    2.    Plaintiff is informed and believes, and on that basis alleges, that Defendants decreased

12  their employment-related costs by systematically violating California wage and hour laws and engaging

13  in unlawful and unfair business practices.

14    3.    Defendants' systematic pattern of Labor Code and IWC Wage Order violations toward

15  Plaintiff and other similarly situated employees in California include, but are not limited to:

16        a.    Failure to provide off-duty and uninterrupted meal periods of at least 30-minutes

17              before the commencement of the sixth hour of work;

18        b.    Failure to authorize and permit off-duty paid rest periods;

19        c.    Failure to pay all minimum and regular wages for all hours worked;

20        d.    Failure to pay all overtime wages;

21        e.    Failure to indemnify employees for necessary business expenses;

22        f.    Failure to provide accurate itemized wage statements; and

23        g.    Failure to timely pay all wages due upon separation of employment.

24    4.    Plaintiff brings this lawsuit seeking restitution, declaratory judgment, and monetary relief

25  against Defendants on behalf of herself and all other similarly situated employees of Defendants in

26  California.  Plaintiff seeks to recover, among other things, unpaid wages, benefits, expenses, interest,

27  attorney's fees, damages, liquidated damages, penalties, and costs pursuant to Labor Code Sections 201,

28  202, 203, 218.5, 218.6, 226.7, 510, 512, 1194, 1194.2, 1197, 1198, 2802, California Business and

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

2

EXHIBIT A TO CHRISTIE DECL. - PAGE 5

1  Professions Code Section 17200, *et seq.*, and the provisions of the applicable IWC Wage Order.

2      5.    Plaintiff reserves the right to name additional representatives throughout the State of

3  California.

4  **II.**

5  **PARTIES**

6      **A.**    **Plaintiff**

7      6.    Plaintiff is a former employee of Defendants, who, at all relevant times, worked as a non-

8  exempt employee at Defendants' Aaron Brothers stores in San Diego, California.  Plaintiff currently

9  resides in San Diego, California.

10      7.    At all relevant times, Plaintiff and, on information and belief, other non-exempt

11  employees of Defendants in California were subject to the same policies, practices, and procedures

12  governing the control and payment of wages earned and hours worked.

13      **B.**    **Defendants**

14      8.    Defendant MICHAELS STORES, INC. is the largest arts and crafts specialty retailer in

15  North America, with 1,168 Michaels stores in the United States and Canada and 120 Aaron Brothers

16  stores.  Defendant MICHAELS STORES, INC. is a Delaware corporation with its principal place of

17  business in Irving, Texas.

18      9.    Defendant AARON BROTHERS, INC. is wholly owned and operated by Defendant

19  MICHAELS STORES, INC.  Defendant AARON BROTHERS, INC. operates more than sixty Aaron

20  Brothers Art and Framing stores in California, including the Mira Mesa and Solana Beach locations

21  where Plaintiff worked.  Defendant AARON BROTHERS, INC. is a Delaware corporation with its

22  principal place of business in Irving, Texas.

23      10.    Plaintiff is informed and believes, and on that basis alleges, that at all relevant times

24  Defendant AARON BROTHERS, INC. was controlled by its parent corporation, MICHAELS STORES,

25  INC., and that all of its conduct alleged herein was directed, approved, and ratified by its parent.

26      11.    The true names and capacities of the Defendants named as DOES 1 THROUGH 100,

27  inclusive, are presently unknown to Plaintiff.  Plaintiff will amend this Complaint, setting forth the true

28  names and capacities of the fictitious Defendants, if and when their true names and capacities are

GRAHAM**Hollis** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

3
CLASS ACTION COMPLAINT

1    ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious
2    Defendants participated in the acts alleged in this Complaint.

3        12.    At all relevant times, Defendants were Plaintiff's "employer" as defined in and subject to
4    the Labor Code and the IWC Wage Orders.

5        13.    Plaintiff is informed and believes that at all relevant times, each Defendant, whether
6    named or fictitious, was the agent, employee or other person acting on behalf of every other Defendant,
7    and, in participating in the acts alleged in this Complaint, acted within the scope of such agency or
8    employment and ratified the acts of each other Defendant.

9        14.    Plaintiff is informed and believes that at all relevant times, each Defendant, whether
10    named or fictitious, exercised control over Plaintiff's and similarly situated employees' wages, hours
11    and/or working conditions and was the alter ego of each of the other Defendants. Thus, Plaintiff is
12    informed and believes that each Defendant, whether named or fictitious, committed the violations
13    alleged in this Complaint within the scope of such agency or employment and ratified the acts of each
14    other Defendant.

15        15.    Plaintiff is further informed and believes that at all relevant times, each Defendant,
16    whether named or fictitious, acted as the agent for the other Defendants in carrying out a joint scheme,
17    business plan or policy, and that a unity of interest and ownership between each Defendant exists such
18    that all Defendants acted as a single employer and that the acts of each Defendant are legally attributable
19    to all other Defendants.

20                                    **III.**
21                        **JURISDICTION AND VENUE**

22        16.    This Court has subject-matter jurisdiction to hear this case because Plaintiff is informed
23    and believes that the monetary damages and restitution sought herein for Defendants' conduct exceeds
24    the minimum jurisdictional limits of the Superior Court.

25        17.    Venue is proper in San Diego County pursuant to Code of Civil Procedure Sections
26    395(a) and 395.5 because liability arose in San Diego County, at least some of the transactions that are
27    the subject matter of this Complaint occurred therein, and Defendants transact substantial business in
28    San Diego County.

GRAHAM HOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

EXHIBIT A TO CHRISTIE DECL. - PAGE 7

## IV.

### GENERAL ALLEGATIONS

18.     Plaintiff HEATHER BASILE is a former non-exempt employee of Defendants who worked as a sales associate, framer, lead sales, and assistant manager at Defendants' Aaron Brothers stores in Mira Mesa and Solana Beach from approximately 2013 until September 2, 2016.  Defendants compensated Plaintiff on an hourly basis at all relevant times.  During the course of her employment, Plaintiff typically worked 5 days a week and regularly worked more than 8 hours a day or 40 hours a week.

19.     Defendants denied Plaintiff and, on information and belief, other similarly situated current and former non-exempt employees certain rights afforded to them under the California Labor Code and Industrial Welfare Commission Wage Orders.  Specifically, Defendants did not properly compensate Plaintiff and other similarly situated current and former non-exempt employees for all hours worked, failed to provide compliant meal and rest periods, did not provide accurate itemized wage statements, failed to reimburse for all necessary expenses, and did not pay all wages due and owing by the times set forth by law.

20.     Plaintiff and, on information and belief, other non-exempt employees of Defendants did not sign a valid on-duty meal period agreement at any point during their employment with Defendants, nor did they properly waive any of their meal periods.

21.     Defendants have a pattern and practice of not providing Plaintiff and, on information and belief, other non-exempt employees with legally compliant meal periods, even though Plaintiff and other non-exempt employees work and/or worked more than 6 hours during their workday.

22.     Pursuant to Defendants' policies and procedures, Plaintiff and, on information and belief, other non-exempt employees of Defendants were regularly required to remain on duty at all times during their shift, including their meal period, unless relieved by another employee.

23.     Defendants regularly scheduled Plaintiff's and, on information and belief,  other non-exempt employees' work schedules such that there was often no one to relieve Plaintiff or other non-exempt employees of all duties during their meal period, thereby regularly requiring Plaintiff and other non-exempt employees to remain on duty and continue working though their meal periods.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

5

EXHIBIT A TO CHRISTIE DECL. - PAGE 8

24.     Due to their workload and Defendants' understaffing of its Aaron Brothers stores, Plaintiff and, on information and belief, other non-exempt employees were regularly required to work through their meal break, take a meal break more than five hours after they started working, or take a meal break that was less than thirty minutes long.

25.     Thus, as a result of Defendants' illegal policies, Plaintiff and, on information and belief, other non-exempt employees were denied the opportunity to take legally compliant meal periods, in violation of the applicable Wage Order.

26.     Defendants similarly failed to authorize and permit Plaintiff and, on information and belief, other non-exempt employees to take legally compliant rest periods of at least 10 minutes for every four hour work period, or major fraction thereof.

27.     Pursuant to Defendants' policies and procedures, Plaintiff and, on information and belief, other non-exempt employees of Defendants were regularly required to remain on duty at all times during their shift, including their rest periods, unless relieved by another employee.

28.     Defendants regularly scheduled Plaintiff's and, on information and belief, other non-exempt employees' work schedules such that there often no one to relieve Plaintiff or other non-exempt employees of all duties during their rest periods, thereby regularly requiring Plaintiff and other non-exempt employees to remain on duty and continue working though their rest periods.

29.     Thus, as a result of Defendants' illegal policies, Plaintiff and, on information and belief, other non-exempt employees were not authorized or permitted to take legally compliant rest periods, in violation of the applicable Wage Order.

30.     Although Plaintiff and other non-exempt employees' meal and rest periods were regularly late, short, interrupted, or not provided at all, Defendants did not compensate Plaintiff and, on information and belief, other non-exempt employees an additional hour of pay at their regular rate of pay for the times that Plaintiff and other non-exempt employees were not authorized or permitted to take a compliant and timely meal or rest period, in violation of Labor Code Sections 226.7.

31.     In addition, Defendants failed to properly pay Plaintiff and, on information and belief, other non-exempt employees at least minimum, regular and overtime wages owed for all time suffered or permitted to work through and during their meal periods. Due to their workload and Defendants'

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

6

CLASS ACTION COMPLAINT

GRAHAMHOLLIS APC
355 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  understaffing of its Aaron Brothers stores, Plaintiff and, on information and belief, other non-exempt

2  employees were regularly required to work through their meal break; however, Defendants did not count

3  this time as hours worked and improperly deducted thirty minutes from Plaintiff's and other non-exempt

4  employees' daily wages. Specifically, when Plaintiff and, on information and belief, other non-exempt

5  employees, were not able to take and, thus did not record, a 30-minute meal period before the end of the

6  fifth hour of work, Defendants would edit Plaintiff's and, on information and belief, other non-exempt

7  employees' time entries to reflect a timely 30-minute meal period. As a result, Plaintiff and, on

8  information and belief, other non-exempt employees did not receive minimum wage for all time suffered

9  and permitted to work because they were not properly compensated for the time they spent working

10  through and during their meal break, nor did they receive proper overtime compensation when they

11  would have worked more than eight hours a day or forty hours a week, but for the improper deduction of

12  30 minutes for meal breaks that they were not able to take.

13      32.    Defendants also failed to pay Plaintiff and, on information and belief, other non-exempt

14  employees all minimum, regular, and overtime wages because Defendants failed to pay them for various

15  tasks that they performed after their scheduled shift end time. On information and belief, this occurred

16  primarily because Defendants sought to prevent overtime work while nevertheless understaffing their

17  stores and requiring Plaintiff and other non-exempt employees to assist customers while also completing

18  their daily-assigned tasks and work duties. However, Plaintiff and, on information and belief, other non-

19  exempt employees were regularly unable to complete their assigned tasks during their regularly

20  scheduled work hours and, in order to avoid being reprimanded for performing overtime work, were

21  forced to clock out but continue working. Thus, because Defendants intentionally maintained a busy

22  work load for their employees and short-staffed their locations, Defendants' policies and procedures

23  required Plaintiff and other non-exempt employees to perform work off-the-clock without receiving

24  appropriate compensation.

25      33.    In addition, pursuant to Defendants' policies and procedures, Plaintiff and, on

26  information and belief, other non-exempt employees were also regularly required to answer work-

27  related phone calls and respond to work-related text messages before and after their scheduled work

28  hours, all of which was not properly compensated as hours worked.

EXHIBIT A TO CHRISTIE DECL. - PAGE 10

34.     In addition, Defendants failed to pay Plaintiff and, on information and belief, other non-exempt employees for all minimum, regular, and overtime wages because Defendants required them to travel to other Aaron Brothers and/or Michaels stores for trainings, to help out, or to drop off or pick up merchandise.  However, on information and belief, Defendants did not compensate them for their travel time when they traveled from their home store to another store or for their travel time that exceeded their normal commute when they traveled directly to another store.

35.     Defendants also failed to pay Plaintiff and, on information and belief, other non-exempt employees' all overtime wages owed because Defendants failed to include the total amount of non-discretionary bonuses earned when calculating Plaintiff's and other non-exempt employees' regular rates of pay for purposes of calculating their overtime rates of pay during pay periods in which they both worked overtime an earned non-discretionary bonuses.

36.     Defendants also failed to pay Plaintiff and, on information and belief, other non-exempt employees for all of their overtime hours even when they would record overtime.  On information and belief, because Defendants sought to prevent overtime, when Plaintiff and other non-exempt employees would work more than eight hours a day or forty hours a week, Defendants would shave their time records to reduce the amount of overtime or reflect that no overtime had been worked.

37.     Plaintiff and, on information and belief, other non-exempt employees of Defendants incurred expenses in direct consequence of the discharge of their duties of employment with Defendants, but Defendants failed to adequately reimburse them for such expenses.  For example, Plaintiff was required to use her personal cell phone in the performance of her work duties as well as answer work-related phone calls from other employees while at home and on her days off.  In addition, Plaintiff was required to use her personal vehicle to travel to other Aaron Brothers and/or Michaels stores for trainings, to help out, or to drop off or pick up merchandise, but she was not reimbursed for her mileage.  Despite Defendants' knowledge that Plaintiff and, on information and belief, other non-exempt employees were using their personal cell phones and vehicles for work related purposes, Defendants failed to provide appropriate reimbursement for these expenses, in violation of Labor Code Section 2802.

///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

8
CLASS ACTION COMPLAINT

38.     As a direct consequence of Defendants' illegal policies, Defendants did not keep accurate records of the actual hours that Plaintiff and, on information and belief, other non-exempt employees were under the control of Defendants, including, but not limited to, time suffered and permitted to work while off-the-clock, as well as all wages earned.  On information and belief, Defendants failed to keep accurate records of Plaintiff's and other non-exempt employees' hours worked when Defendants failed to record the proper beginning and ending of each work and meal period, in addition to the total hours worked during the pay period, among others.

39.     Defendants similarly failed to provide Plaintiff and, upon information and belief, other non-exempt employees with accurate itemized wage statements.  For example, during the applicable statutory period, Defendants failed to furnish Plaintiff with itemized wage statements correctly identifying, among other things, the total regular and overtime hours worked during the pay period, as well as the corresponding gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate.

40.     Further, Defendants failed to issue an itemized wage statement to Plaintiff when they paid her final wages via a pay card.  On information and belief, Defendants failed to provide itemized wage statements to other non-exempt employees as well when paying their final wages via pay card.

41.     To this date, Defendants have not paid Plaintiff all wages owed, including all minimum, regular and overtime wages, as well as all meal and rest period premium wages.

42.     In addition, Defendants failed to pay Plaintiff all of her wages due and payable at the time of her separation of employment, as Defendants paid Plaintiff her final wages via a pay card, which was not negotiable and payable in cash, on demand, and without discount.  On information and belief, as a result of Defendants' payment of final wages via pay card, Defendants failed to pay other non-exempt employees all of their wages due and payable at the time of their separation of employment.

43.     On information and belief, Defendants committed the wage and hour violations alleged in this Complaint against other non-exempt employees of Defendants in California.

44.     Based on Defendants' violations of the Labor Code and IWC Wage Order, Plaintiff also alleges a claim under California Business and Professions Code Section 17200, *et seq.*

///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

# V.

## CLASS ACTION DESIGNATION

45. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

46. Plaintiff brings Causes of Action One through Eight as a Class Action pursuant to California Code of Civil Procedure Section 382 on behalf of herself and all current and former non-exempt employees of Defendants who were affected by Defendants' Labor Code, Business and Professions Code, and IWC Wage Order violations, as alleged herein.

47. Plaintiff seeks to represent the following Classes, which are defined as:

**The Non-Exempt Class**:

"All current and former non-exempt employees of Defendants who were employed at an Aaron Brothers store in California at any time from February 1, 2013 through the present."

48. Plaintiff also seeks to represent the following Subclass, which is defined as:

**The Waiting Time Penalties Subclass:**

"All members of the Non-Exempt Class, whose employment with Defendants ended at any time from February 1, 2014 through the present."

49. **Reservation of Rights**: Pursuant to California Rules of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or limitation to particular issues.

A. **Numerosity**

50. The members of the Classes are sufficiently numerous to render the joinder of all their members impracticable. While Plaintiff has not yet determined the precise number of members of the Classes, Plaintiff is informed and believes that the Classes likely consist of over 100 individuals. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' time and payroll records and other personnel records.

///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

EXHIBIT A TO CHRISTIE DECL. - PAGE 13

**B.    Commonality and Predominance**

51.    Common questions of law and fact exist as to all class members and predominate over any questions affecting only individual members of the Class or Subclass. The common questions of law and fact that predominate include, but are not limited to:

        a.    Whether Defendants failed to permit class members to take uninterrupted and duty-free, thirty-minute meal periods before the commencement of the sixth hour of work;

        b.    Whether Defendants failed to permit class members to take off-duty rest periods of at least 10 minutes for every four hours worked, or major fraction thereof;

        c.    Whether Defendants failed to pay one additional hour of pay at the employees' regular rate of compensation to class members when class members were not provided with compliant and timely meal and rest periods;

        d.    Whether Defendants failed to pay class members at least minimum wages and/or all regular wages owed for all hours or fractions of an hour worked and under the control of Defendants;

        e.    Whether Defendants failed to pay class members all overtime wages for all hours, or fractions of hours, worked and under the control of Defendants;

        f.    Whether Defendants failed to indemnify class members for necessary business expenses incurred in direct consequence of the discharge of their duties;

        g.    Whether Defendants failed to properly and accurately record and maintain records of all hours worked and wages earned by class members;

        h.    Whether Defendants failed to provide class members with accurate itemized wage statements showing, among other things, the correct number of hours worked and the correct amount of gross and net wages earned; and

        i.    Whether Defendants failed to pay class members all of their wages owed within the required time frames upon separation of employment.

///
///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

**C.    Typicality**

52.    Plaintiff's claims are typical of the claims of all class members because Plaintiff and all class members' claims arise from the same event, practice and/or course of conduct of Defendants. Plaintiff and all class members sustained injuries and damages as a result of Defendants' illegal policies, practices and/or common course of conduct in violation of California wage and hour laws and/or illegal, unfair, or fraudulent business practices.

53.    Furthermore, Plaintiff's claims under the Labor Code and applicable IWC Wage Order are typical of the Class and Subclass because Defendants' failure to comply with the provisions of California's wage and hour laws entitles Plaintiff and each class member to similar pay, benefits, and other relief.    Accordingly, the legal theories underlying each cause of action are the same and the remedies sought by Plaintiff and all class members are the same.

**D.    Adequacy of Representation**

54.    Plaintiff has no fundamental conflict of interest with the Class or Subclass she seeks to represent.  Plaintiff will adequately protect the interests of all class members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to her and putative class members.

55.    Plaintiff retained attorneys who are experienced employment law litigators with significant class action experience.

**E.    Superiority of Class Action**

56.    Plaintiff believes a class action is a superior method of litigation for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable.  Class action treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

57.    Plaintiff knows of no difficulty that might be encountered in the management of this suit, which would preclude maintenance as a class action.

///

///

///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

12

CLASS ACTION COMPLAINT

GraHamHollis APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

# VI.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### FAILURE TO PROVIDE MEAL PERIODS

(Violation of Labor Code Sections 226.7, 512, and 1198 and the "Meal Periods" Section of the
Applicable IWC Wage Order)

(Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)

58.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

59.    Plaintiff and Non-Exempt Class members were and are non-exempt employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

60.    Labor Code Section 512(a) provides, in part, that employers, including Defendants, "may not employ an employee for a work period of more than five hours per day without providing an employee with a meal period of not less than 30 minutes, and may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

61.    Labor Code Section 226.7 requires that employers, including Defendants, provide their non-exempt employees with meal periods as mandated by the applicable Wage Order of the Industrial Welfare Commission, and prohibits employers from requiring any employee "to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

62.    Labor Code Section 1198 states that the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

63.    The "Meal Period" section of the IWC Wage Order states, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

///

EXHIBIT A TO CHRISTIE DECL. - PAGE 16

1    64.    On information and belief, Plaintiff and the Non-Exempt Class were subject to the same

2    policies, practices, and procedures governing the scheduling of meal periods.

3    65.    On information and belief, Defendants have a pattern and practice of not providing

4    Plaintiff and the Non-Exempt Class with legally compliant 30-minute off-duty meal periods during their

5    shifts, even though they worked more than 6 hours during their workday.

6    66.    Plaintiff and, on information and belief, the Non-Exempt Class were unable to take

7    compliant meal periods because they were regularly required to remain on-duty at all times unless

8    relieved by another employee.  On information and belief, Defendants regularly scheduled Plaintiff's

9    and other non-exempt employees' work schedules such that there was no one to relieve Plaintiff or other

10    non-exempt employees of all duties during their meal period, thereby requiring Plaintiff and other non-

11    exempt employees to remain on duty and continue working though their meal periods. Thus, as a result

12    of Defendants' policies, Plaintiff's and other non-exempt employees' meal periods were often late,

13    short, interrupted, or not provided at all.

14    67.    Plaintiff and, on information and belief, the Non-Exempt Class members did not sign a

15    valid on-duty meal period agreement at any point during their employment with Defendants.

16    68.    Plaintiff and, on information and belief, the Non-Exempt Class typically worked more

17    than 6 hours per day and did not properly waive any of their meal periods.

18    69.    Therefore, as a result of Defendants' conduct, including the conduct alleged herein,

19    Defendants violated Labor Code Sections 226.7, 512, and 1198, as well as the applicable IWC Wage

20    Order when Defendants failed to provide Plaintiff and the Non-Exempt Class members a 30-minute,

21    uninterrupted, duty-free meal period before the commencement of their sixth hour of work.

22    70.    Consequently, pursuant to Labor Code Section 226.7(b) and the "Meal Periods" section

23    of the Wage Order, Defendants were required to pay Plaintiff and the Non-Exempt Class one additional

24    hour of pay at their regular rate of compensation for each day that Defendants did not provide Plaintiff

25    and the Non-Exempt Class with a 30-minute, uninterrupted, duty-free meal period before the

26    commencement of their sixth hour of work.

27    71.    Despite this obligation, Defendants did not pay Plaintiff and, on information and belief,

28    the Non-Exempt Class one additional hour of pay at each employee's regular rate of compensation for

GRAHAM HOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

14
CLASS ACTION COMPLAINT

1 each day that Defendants did not provide Plaintiff and the Non-Exempt Class with a 30-minute,

2 uninterrupted, duty-free meal period before the commencement of their sixth hour of work.

3     72.    Instead, on information and belief, Defendants have a common policy and practice of

4 failing to compensate Plaintiff and the Non-Exempt Class with an hour of pay at their regular rate of pay

5 for the times that Defendants did not provide Plaintiff and the Non-Exempt Class with a 30-minute,

6 uninterrupted, duty-free meal period before the commencement of their sixth hour of work, as required

7 by Labor Code Section 226.7(b) and the IWC Wage Order.

8     73.    Thus, on information and belief, Defendants intentionally refused to perform their

9 obligations to provide meal periods and further failed to compensate Plaintiff and the Non-Exempt Class

10 with all owed meal premium wages as set forth by Labor Code Section 226.7(b) and the IWC Wage

11 Order.

12     74.    Plaintiff and the Non-Exempt Class suffered and continue to suffer losses related to

13 Defendants' failure to pay an additional hour of pay for each day a legally compliant meal period was

14 not provided and the associated use and enjoyment of compensation due and owing to them as a direct

15 result of Defendants' Labor Code and IWC Wage Order violations.

16     75.    Plaintiff seeks all available remedies for Defendants' violations, including, but not

17 limited to, all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

18     WHEREFORE, Plaintiff prays for relief as hereinafter requested.

19                        **SECOND CAUSE OF ACTION**

20                   **FAILURE TO PROVIDE REST PERIODS**
                   (Violation of Labor Code Sections 226.7 and 1198 and
21                the "Rest Periods" Section of the Applicable IWC Wage Order)
22    (Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)

23     76.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

24 paragraphs above, as though fully set forth herein.

25     77.    Plaintiff and Non-Exempt Class members were and are non-exempt employees of

26 Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

27     78.    Labor Code Section 226.7 requires employers, including Defendants, to provide to their

28 non-exempt employees, including Plaintiff, paid rest periods as mandated by the IWC Wage Orders.

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

EXHIBIT A TO CHRISTIE DECL. - PAGE 18

79. Labor Code Section 1198 states that the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

80. By Order of the Industrial Welfare Commission, every employer shall authorize and permit all employees to take paid rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period shall be based on the total hours worked daily at the rate of ten (10) minutes rest time per four (4) hours, or major fraction thereof. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages.

81. On information and belief, Plaintiff and the Non-Exempt Class were subject to the same policies, practices, and procedures governing the scheduling of rest periods.

82. Plaintiff and, on information and belief, the Non-Exempt Class were not authorized and permitted to take compliant rest periods because they were regularly required to remain on-duty at all times unless relieved by another employee. On information and belief, Defendants regularly scheduled Plaintiff's and other non-exempt employees' work schedules such that there was often no one to relieve Plaintiff or other non-exempt employees of all duties during their rest periods, thereby requiring Plaintiff and other non-exempt employees to remain on duty and continue working though their rest periods. Thus, as a result of Defendants' policies, Plaintiff and other non-exempt employees' rest periods were often late, short, interrupted, or not provided at all.

83. Pursuant to Labor Code Section 226.7 and Section 12 of the applicable Wage Order, employers are prohibited from requiring employees to work during required rest periods and employers are required to pay non-exempt employees a premium wage equivalent to one hour of pay at the employees' regular rate of pay on each workday that the employee is not provided with the required rest period.

84. Even though Plaintiff and, on information and belief, other non-exempt employees of Defendants were not authorized and permitted to take off-duty rest periods, Defendants did not pay Plaintiff and the Non-Exempt Class appropriate rest period premium wages for each day in which Defendants did not authorize and permit Plaintiff and the Non-Exempt Class to take compliant rest

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

16
CLASS ACTION COMPLAINT

1 | periods, in violation of Labor Code 226.7 and applicable IWC Wage Order.

2 | 85. On information and belief, Defendants have a common policy, pattern, and practice of
3 | failing to compensate Plaintiff and the Non-Exempt Class with an hour of pay at their regular rate of pay
4 | for the times that Plaintiff and the Non-Exempt Class were not authorized to take rest periods of at least
5 | 10 minutes for each four hour work period, or major fraction thereof.

6 | 86. Plaintiff and the Non-Exempt Class suffered and continue to suffer losses related to
7 | Defendants' failure to pay an additional hour of pay for each day a rest period was not provided and the
8 | associated use and enjoyment of compensation due and owing to them as a direct result of Defendants'
9 | Labor Code and IWC Wage Order violations.

10 | 87. Plaintiff seeks all available remedies for Defendants' violations including, but not limited
11 | to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

12 | WHEREFORE, Plaintiff prays for relief as hereinafter requested.

13 | **THIRD CAUSE OF ACTION**

14 | **FAILURE TO PAY MINIMUM AND REGULAR WAGES**
(Violation of Labor Code Sections 1194, 1197, and 1198 and
15 | the "Minimum Wages" Section of the Applicable IWC Wage Order)
16 | (Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)

17 | 88. Plaintiff re-alleges and incorporates by reference the allegations contained in the
18 | paragraphs above, as though fully set forth herein.

19 | 89. Plaintiff and the Non-Exempt Class were and are non-exempt employees of Defendants
20 | in California within the meaning of the Labor Code and the applicable IWC Wage Order.

21 | 90. Labor Code Section 1197 provides, "[t]he minimum wage for employees fixed by the
22 | commission is the minimum wage to be paid to employees, and the payment of a less wage than the
23 | minimum wage so fixed is unlawful."

24 | 91. The "Minimum Wage" section of the applicable IWC Wage Order provides that an
25 | employer may not pay non-exempt employees less than the applicable minimum for all hours worked.

26 | 92. The applicable IWC Wage Order defines the term "hours worked" as "the time during
27 | which an employee is subject to the control of an employer, and includes all the time the employee is
28 | suffered or permitted to work, whether or not required to do so."

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

17
CLASS ACTION COMPLAINT

EXHIBIT A TO CHRISTIE DECL. - PAGE 20

93.    The "Meal Period" section of the applicable Industrial Welfare Commission Wage Order, states, in relevant part, "unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an on duty meal period and counted as hours worked."

94.    Furthermore, pursuant to Labor Code Section 1198, the standard conditions of labor fixed by the commission shall be the standard conditions of labor for employees. The employment of any employee under conditions of labor prohibited by the IWC Wage Order is unlawful.

95.    Defendants failed to pay Plaintiff and, on information and belief, Non-Exempt Class members at least minimum wages for all the time spent working and under the control of Defendants. For example, Plaintiff, and on information and belief, other non-exempt employees of Defendants were not fully compensated for all work performed during their missed meal periods, as well as all work performed after their scheduled shift times and outside of their regularly scheduled work hours.

96.    Labor Code Section 1194 provides, in part, that any employee receiving less than the minimum wage is entitled to recover in a civil action the unpaid balance of the minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

97.    Labor Code Section 1194.2 allows an employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for any action under Labor Code Section 1194. Plaintiff and Non-Exempt Class members suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

98.    Plaintiff and the Non-Exempt Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

99.    Plaintiff seeks all available remedies for Defendants' violations including, but not limited to, any and all wages due, monies, interest, liquidated damages, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

18
CLASS ACTION COMPLAINT

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY ALL OVERTIME WAGES**
(Violation of Labor Code Sections 510, 1194, and 1198 and
the "Hours and Days of Work" Section of the Applicable IWC Wage Order)
(Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)

100.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

101.    Plaintiff and Non-Exempt Class members were and are non-exempt employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

102.    Labor Code Section 510 provides, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

103.    Labor Code Section 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

104.    Furthermore, pursuant to Labor Code Section 1198, the standard conditions of labor fixed by the commission shall be the standard conditions of labor for employees. The employment of any employee under conditions of labor prohibited by the IWC Wage Order is unlawful.

105.    The applicable Wage Order of the Industrial Welfare Commission requires every employer, including Defendants, to pay to each non-exempt employee wages not less than one and one-half times the regular rate of pay for an employee for any hours worked in excess of eight hours in one workday and any work in excess of 40 hours in one workweek and the first eight hours worked on the seventh day of work in any one workweek. Any work in excess of 12 hours in one day shall be compensated at a rate of no less than twice the regular rate of pay for an employee. Any work in excess

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

19
CLASS ACTION COMPLAINT

1 of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice

2 the regular rate of pay of an employee.

3     106.   The applicable IWC Wage Order defines the term "hours worked" as "the time during

4 which an employee is subject to the control of an employer, and includes all the time the employee is

5 suffered or permitted to work, whether or not required to do so."

6     107.   In California, overtime is computed based on the regular rate of pay. The regular rate of

7 pay includes all different types of remuneration, including hourly earnings, salary, piecework earnings,

8 commissions, and non-discretionary bonuses, and the value of meals and lodging.

9     108.   Plaintiff and, on information and belief, the Non-Exempt Class regularly worked over 8

10 hours per day and 40 hours per week while employed by Defendants. Plaintiff and, on information and

11 belief, the Non-Exempt Class did not receive all overtime compensation owed for all overtime hours

12 worked over 8 hours per day and/or 40 hours per week during their employment with Defendants.

13     109.   On information and belief, this occurred primarily because Defendants sought to prevent

14 overtime work while nevertheless understaffing their stores and requiring Plaintiff and the Non-Exempt

15 Class to assist customers while also completing their daily-assigned tasks and work duties. However,

16 Plaintiff and, on information and belief, the Non-Exempt Class were regularly unable to complete their

17 assigned tasks during their regularly scheduled work hours and, in order to avoid being reprimanded for

18 performing overtime work, were forced to clock out but continue working. Thus, because Defendants

19 intentionally maintained a busy work load for their employees and short-staffed their locations,

20 Defendants' policies and procedures required Plaintiff and the Non-Exempt Class to perform work off-

21 the-clock without receiving appropriate overtime compensation.

22     110.   In addition, pursuant to Defendants' policies and procedures, Plaintiff and, on

23 information and belief, the Non-Exempt Class were also regularly required to answer work-related

24 phone calls and respond to work-related text messages before and after their scheduled work hours, all

25 of which was not properly compensated as overtime hours worked.

26     111.   In addition, Defendants required Plaintiff and, on information and belief, the Non-

27 Exempt Class to travel to other Aaron Brothers and/or Michaels stores for trainings, to help out, or to

28 drop off or pick up merchandise. However, on information and belief, Defendants did not compensate

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

EXHIBIT A TO CHRISTIE DECL. - PAGE 23

1  them for their travel time when they traveled from their home store to another store or for their travel

2  time that exceeded their normal commute when they traveled directly to another store.

3      112.    Defendants also failed to include the total amount of non-discretionary bonuses earned

4  when calculating Plaintiff's and the Non-Exempt Class' regular rates of pay for purposes of calculating

5  their overtime rates of pay during pay periods in which they both worked overtime an earned non-

6  discretionary bonuses.

7      113.    Defendants also failed to pay Plaintiff and, on information and belief, the Non-Exempt

8  Class for all of their overtime hours even when they would record overtime. On information and belief,

9  because Defendants sought to prevent overtime, when Plaintiff and the Non-Exempt Class would work

10  more than eight hours a day or forty hours a week, Defendants would shave their time records to reduce

11  the amount of overtime or reflect that no overtime had been worked.

12      114.    Plaintiff and the Non-Exempt Class suffered and continue to suffer losses related to the

13  use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful

14  acts and Labor Code violations in an amount to be shown according to proof at trial and within the

15  jurisdictional limitations of this Court.

16      115.    Plaintiff seeks all available remedies for Defendants' violations including, but not limited

17  to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

18      WHEREFORE, Plaintiff prays for relief as hereinafter requested.

19  ## FIFTH CAUSE OF ACTION

20  **FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES**
(Violation of Labor Code Section 2802)

21  (Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)

22

23      116.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

24  paragraphs above, as though fully set forth herein.

25      117.    Labor Code Section 2802 requires an employer to indemnify its employees for all

26  necessary expenditures or losses incurred by an employee in direct consequence of the discharge of his

27  or her duties of employment.

28  ///

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

EXHIBIT A TO CHRISTIE DECL. - PAGE 24

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

118. Labor Code Section 2802(b) states, "[a]ll awards made by a Court for reimbursement of necessary expenditures" shall carry interest, at the same rate as judgments in civil actions, and said interest will accrue from the date on which the employee incurred the necessary expenditure or loss including, but not limited to, reasonable costs and attorney's fees incurred by the employee enforcing their rights granted pursuant to Labor Code Section 2802. The exact amount of the necessary expenditures or losses is in an amount to be proven at time of trial.

119. Furthermore, Labor Code Section 2802(c) states, "[f]or the purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee in enforcing the rights granted by this section."

120. Plaintiff and, on information and belief, members of the Non-Exempt Class incurred business expenses in direct consequence of their job duties through the use of their personal cell phones and personal vehicles. On information and belief, Plaintiff and the Non-Exempt Class were required to use their personal cell phone in the performance of their work duties as well as answer work-related phone calls from other employees while at home and on their days off. In addition, on information and belief, Plaintiff and the Non-Exempt Class were required to use their personal vehicles to travel to other Aaron Brothers and/or Michaels stores for trainings, to help out, or to drop off or pick up merchandise, but they were not reimbursed for their mileage. Despite Defendants' knowledge that Plaintiff and members of the Non-Exempt Class were using their personal cell phones and vehicles for work related purposes, Defendants failed to provide appropriate reimbursement for these expenses, in violation of Labor Code Section 2802.

121. As a direct result of Defendants' violations alleged herein, Plaintiff and members of the Non-Exempt Class suffered and continue to suffer, substantial losses related to Defendants' failure to indemnify them for the expenses and losses, including the use and enjoyment of such monies, lost interest on such monies and expenses and attorney's fees and costs in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

122. Plaintiff seeks to recover in a civil action to the fullest extent permissible all available remedies including but not limited to the unpaid balance of the indemnification from Defendants'

1  violations, interest thereon permitted by Labor Code Section 2802(b), reasonable attorney's fees and

2  costs of suit, declaratory relief, and any other permitted remedies including those permitted pursuant to

3  Labor Code Sections 2802 and Code of Civil Procedure Section 1021.5. The exact amount of

4  reimbursements, interest, costs and attorney's fees will be in an amount to be proved at time of trial.

5  　　　　WHEREFORE, Plaintiff prays for relief as hereinafter requested.

6  ## SIXTH CAUSE OF ACTION

7  ### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

8  (Violation of Labor Code Sections 226 and 1198 and
   the "Records" section of the Applicable IWC Wage Order)

9  (Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants

10  　　　　123.　　Plaintiff re-alleges and incorporates by reference the allegations contained in the

11  paragraphs above, as though fully set forth herein.

12  　　　　124.　　Plaintiff and Non-Exempt Class members were and are non-exempt employees of

13  Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

14  　　　　125.　　Labor Code § 226(a) requires that employers, including Defendants, furnish their

15  employees with each wage payment an accurate and itemized writing that shows gross wages earned,

16  total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the

17  employee is paid, the name of the employee and the portion of his or her social security number, the

18  name and address of the legal entity that is the employer, and all applicable hourly rates in effect during

19  the pay period and the corresponding number of hours worked at each hourly rate by the employee.

20  　　　　126.　　Labor Code § 226(e), in part, permits employees suffering injury to collect the greater of

21  all actual damages or the amount specified in Labor Code § 226 per violation.

22  　　　　127.　　Labor Code § 226(e)(2)(B) states, in pertinent part, "an employee is deemed to suffer

23  injury for purposes of this subdivision if the employer fails to provide accurate and complete

24  information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the

25  employee cannot promptly and easily determine from the wage statement alone one or more of the

26  following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or

27  any of the other information required to be provided on the itemized wage statement pursuant to items

28  (2) to (4), inclusive, (6), and (9) of subdivision (a)."

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

23

CLASS ACTION COMPLAINT

128.    Labor Code § 226(h) states "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

129.    Defendants knowingly and intentionally failed to provide Plaintiff and Non-Exempt Class members an accurate itemized wage statement with each wage payment as required by Labor Code §226(a). Defendants knowingly and intentionally failed to provide Plaintiff and members of the Non-Exempt Class with each wage payment an accurate wage statement showing, among other things, the total regular and overtime hours worked during the pay period, as well as the corresponding gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate.

130.    Further, Defendants failed to issue an itemized wage statement to Plaintiff when they paid her final wages via a pay card. On information and belief, Defendants failed to provide itemized wage statements to other non-exempt employees as well when paying their final wages via pay card.

131.    Defendants' failure to provide accurate itemized wage statements constitutes an injury as defined under Labor Code § 226(e)(2)(B). Therefore, Plaintiff and members of the Non-Exempt Class have suffered an injury for purposes of Labor Code § 226 and entitled to recover the greater of all actual damages or the amount specified in § 226 per violation.

132.    Moreover, Defendants' failure to provide accurate wage statements left Plaintiff and Non-Exempt Class members without the ability to know, understand, and question the rate of pay and hours used to calculate the wages paid by Defendants. Therefore, Plaintiff and Non-Exempt Class members suffered actual damages as a result of Defendants' failure to provide accurate wage statements.

133.    Plaintiffs and Non-Exempt Class members suffered and continue to suffer injuries, losses and actual damages as a direct result of Defendants' Labor Code violations, including lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations, in an amount to be shown according to proof at trial.

134.    Plaintiff seeks to recover all available remedies including, but not limited to damages, penalties, attorney's fees, costs, and injunctive relief to the fullest extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

24

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

### SEVENTH CAUSE OF ACTION

**FAILURE TO TIMELY PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**
(Violations of Labor Code Sections 201, 202, 203)
(Alleged By Plaintiff Individually and On Behalf of the Waiting Time Penalties Subclass Against All Defendants)

135.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

136.    Plaintiff and Waiting Time Penalties Subclass members were and are non-exempt employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

137.    Labor Code Section 201 requires Defendants to immediately pay any wages, without abatement or reduction, to any employee who is discharged.    Labor Code Section 202 requires Defendants to pay any and all wages due and owing to an employee not having a written contract for a definite period, who quits his or her employment, within 72 hours of the employee quitting his or her employment, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

138.    For violation of Labor Code Sections 201 and 202, Labor Code Section 203 causes the unpaid wages of an employee to continue as a penalty from the date due thereof, at the same rate until paid or until an action is commenced, but the wages shall not continue for more than 30 days.

139.    As a result of Defendants' conduct during the applicable statutory period, Defendants willfully failed to pay Plaintiff and, on information and belief, the Waiting Time Penalties Subclass all wages due and owing to them, including minimum wages, overtime wages, regular wages for all the time they were suffered or permitted to work or were engaged in work under Defendants' control, as well as all meal period premium and rest period premiums owed within the time required by Labor Code Sections 201 and 202, as applicable.

140.    To date, Plaintiff has not yet received all wages due and payable, including but not limited to, minimum wages, overtime wages, regular wages, and meal and rest premium wages owing to her. On information and belief, members of the Waiting Time Penalties Subclass have not yet received all minimum wages, overtime wages, regular wages, and meal and rest premium wages due and owing

1   to them.

2       141.    In addition, Defendants failed to pay Plaintiff all of her wages due and payable at the

3   time of her separation of employment, as Defendants paid Plaintiff her final wages via a pay card, which

4   was not negotiable and payable in cash, on demand, and without discount.  On information and belief, as

5   a result of Defendants' payment of final wages via pay card, Defendants failed to pay other non-exempt

6   employees all of their wages due and payable at the time of their separation of employment.

7       142.    As a direct result of Defendants' violations alleged herein, Plaintiff and the Waiting Time

8   Penalties Subclass members suffered and continue to suffer losses related to the use and enjoyment of

9   wages due and owing to them, including lost interest on such monies and expenses and attorney's fees in

10  seeking to compel Defendants to fully perform their obligation under state law, all to their respective

11  damage in an amount to be shown according to proof at trial and within the jurisdictional limitations of

12  this Court.

13      143.    Plaintiff seeks all available remedies for Defendants' violations to the fullest extent

14  permissible.

15      WHEREFORE, Plaintiff prays for relief as hereinafter requested.

16  ### EIGHTH CAUSE OF ACTION

17  **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.***

18  (Alleged By Plaintiff Individually and On Behalf of the Non-Exempt Class Against All Defendants)

19      144.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

20  paragraphs above, as though fully set forth herein.

21      145.    California Business & Professions Code Section 17200, *et seq.*, prohibits acts of unfair

22  competition, which includes any "unlawful, unfair or fraudulent business act or practice..."

23      146.    Defendants' Labor Code and IWC Wage Order violations alleged herein constitute

24  "unlawful, unfair or fraudulent business act or practices," which are prohibited by Business and

25  Professions Code Sections 17200-17208 and include, but are not limited to: (i) failure to provide proper

26  meal and rest periods and pay Plaintiff and the Non-Exempt Class premium wages for failure to provide

27  compliant meal and rest periods; (ii) failure to pay Plaintiff and the Non-Exempt Class all regular,

28  minimum, and overtime wages for all hours suffered or permitted to work and under the control of

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

26

CLASS ACTION COMPLAINT

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  Defendants; (iii) failure to indemnify Plaintiff and the Non-Exempt Class for necessary business

2  expenses incurred in direct consequence of the discharge of their duties and under the direction of

3  Defendants; (iv) failure to maintain accurate records including accurate records of the hours that

4  Plaintiff and the Non-Exempt Class worked while employed by Defendants; (v) failure to provide

5  Plaintiff and the Non-Exempt Class accurate itemized wage statements; and (vi) failure to timely pay

6  Plaintiff and members of the Waiting Time Penalties Subclass all wages owed upon separation of their

7  employment with Defendants.

8       147.   Defendants intentionally avoided paying Plaintiff and the Non-Exempt Class all wages

9  and/or monies, and other financial obligations attached thereto, to create for Defendants an artificially

10  lower cost of doing business, and thus, undercut their competitors.

11       148.   Defendants lowered their costs of doing business by paying Plaintiff and the Non-Exempt

12  Class an amount less than what requires the California Labor Code and the applicable Wage Order of

13  the Industrial Welfare Commission, thereby unfairly forcing Plaintiff and other non-exempt employees

14  to perform work without fair compensation and benefits.

15       149.   Defendants held themselves out to Plaintiff and the Non-Exempt Class as being

16  knowledgeable about, and adhering to, the employment laws of California at all times relevant herein.

17  Plaintiff and the Non-Exempt Class relied on and believed in Defendants' representation concerning

18  Defendants' adherence to the California laws, all to their detriment.

19       150.   Defendants' scheme to lower their payroll and operation costs and thus profit, by

20  withholding money owed to the class and withholding wages, compensation and benefits, which are all

21  the property of Plaintiff and the Non-Exempt Class, in violation of the California Labor Code and the

22  IWC Wage Orders, as alleged herein, constitutes an "unlawful, unfair or fraudulent business act or

23  practice," under the California Business and Professions Code Section 17200, *et seq.*  As a result of

24  Defendants' unfair competition, Plaintiff and the Non-Exempt Class suffered injury in fact by losing

25  money and/or property.

26       151.   Business and Professions Code Section 17204, states, in relevant part, "[a]ctions for relief

27  pursuant to this chapter shall be prosecuted...by...a person who has suffered injury in fact and has lost

28  money or property as a result of the unfair competition."

152.    Defendants acquired money and property owed to Plaintiff and the Non-Exempt Class by means of an unlawful practice that constitutes unfair competition as defined by Business and Professions Code Section 17200, *et seq*.

153.    Plaintiff and the Non-Exempt Class are persons in interest under Business and Professions Code Section 17203 to whom money and property should be restored.   Business and Professions Code Section 17203 states, in relevant part, that "any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204."

154.    Plaintiff is a person who suffered injury in fact and lost money, wages, compensation, and benefits, as a result of Defendants' unfair competition.  Thus, pursuant to Business and Professions Code Sections 17203 and 17204, Plaintiff may pursue representative claims and relief on behalf of herself and the putative classes.

155.    Pursuant to Business and Professions Code Section 17203, "[t]he court may make such orders or judgments, as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

156.    Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and the Non-Exempt Class by committing the unlawful acts alleged herein.  Thus, Defendants must make restitution and/or be subject to other equitable relief pursuant to Business & Professions Code Section 17203, and restore all unpaid wages to Plaintiff and the Non-Exempt Class.

157.    Plaintiff and the Non-Exempt Class suffered and continue to suffer loss of wages and monies, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

158.    Plaintiff seeks all available remedies on behalf of herself and on behalf of the Non-Exempt Class, including, but not limited to, restitution of all wages and all monies owed, all in an amount to be shown according to proof at trial.  All such remedies are cumulative of relief available under other laws, pursuant to Business & Professions Code Section 17205.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

///

///

## VII.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. For general damages;

b. For special damages;

c. For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code Section 1194.2;

d. For reasonable attorney fees, cost of suit, and interest to the extent permitted by law, including pursuant to Civil Code Section 1021.5 and Labor Code Sections 218.5, 218.6, 226, 1194, and 2802;

e. For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and the Orders of the Industrial Welfare Commission;

f. For restitution as provided by Business and Professions Code Section 17200, *et seq.*;

g. For an order requiring Defendants to restore and disgorge all funds to each affected person acquired by means of any act of practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code Section 17200, *et seq.*;

h. For an award of damages in the amount of unpaid compensation and monies including, but not limited to actual damages, unpaid wages, overtime wages, minimum wages, regular wages, to the extent permissible by law;

i. For an award of an additional hour of pay at the regular rate of compensation for each missed meal and rest period, pursuant to Labor Code Section 226.7 and the applicable Order of the Industrial Welfare Commission;

j. For penalties to the extent permitted pursuant to the Labor Code and Orders of the Industrial Welfare Commission including, but not limited to, waiting time penalties under Labor Code Section 203 and penalties under Labor Code Section 226(e);

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

29
CLASS ACTION COMPLAINT

k.   For indemnification of all losses incurred as a result of employment with Defendants, with interest;

l.   For pre- and post-judgement interest to the extent permitted by law including, but not limited to, Labor Code Sections 218.6 and 1194;

m.   For a declaratory judgment that Defendants have violated Labor Code Sections, 201, 202, 203, 226, 226.7, 510, 512, 1194, 2802, and the "Hours and Days of Work," "Minimum Wages," "Records" and "Meal Periods" sections of the Wage Order of the Industrial Welfare Commission; and

n.   An award of such other and further relief as this Court deems proper and just.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all Causes of Action to the extent authorized by law.

Respectfully submitted,

Dated: February 1, 2017

GRAHAMHOLLIS APC

By: _Nicole R. Raysdon_
_____
GRAHAM S.P. HOLLIS
VILMARIE CORDERO
NICOLE R. ROYSDON
Attorneys for Plaintiff

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

30
CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| GRAHAMHOLLIS APC<br>Graham S.P. Hollis (SBN 120577), Vilmarie Cordero (SBN 268860)<br>Nicole R. Roysdon (SBN 262237)<br>3555 Fifth Avenue, Suite 200, San Diego, CA 92103<br>TELEPHONE NO.: (619) 692-0800    FAX NO.: (619) 692-0822<br>ATTORNEY FOR *(Name)*: Plaintiff Heather Basile | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/01/2017** at 02:21:59 PM<br><br>Clerk of the Superior Court<br>By Patrick Gonzaga, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
Heather Basile v. Aaron Brothers, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>37-2017-00004172-CU-OE-CTL |
|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Ronald L. Styn<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ✓ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence        f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 8
5. This case ✓ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 1, 2017
Nicole R. Roysdon                          ▶ *[signature]*
_____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**EXHIBIT A TO CHRISTIE DECL. - PAGE 34**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

EXHIBIT A TO CHRISTIE DECL. - PAGE 35



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2017-00004172-CU-OE-CTL    CASE TITLE: Basile vs Aaron Brothers Inc [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXHIBIT A TO CHRISTIE DECL. - PAGE 37

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

EXHIBIT A TO CHRISTIE DECL. - PAGE 38

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE:  San Diego, CA  92101-3827 | |
| BRANCH NAME:    Central | |

| PLAINTIFF(S):    Heather Basile |
|---|
| DEFENDANT(S):  Aaron Brothers Inc et.al. |
| SHORT TITLE:    BASILE VS AARON BROTHERS INC [E-FILE] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2017-00004172-CU-OE-CTL |
|---|---|

Judge: Ronald L. Styn                                        Department: C-62

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)            ☐ Non-binding private arbitration

☐ Mediation (private)                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)           ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____    Date: _____

_____    _____
Name of Plaintiff                              Name of Defendant

_____    _____
Signature                                      Signature

_____    _____
Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____    _____
Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  02/02/2017                          _____
                                             JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1



**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 16211909**
**Date Processed: 02/07/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Michael J Veitenheimer<br>Michaels Stores, Inc.<br>8000 Bent Branch Drive<br>Irving, TX 75063 |
| **Electronic copy provided to:** | Shirley Jones<br>Jan Daiy<br>Dulce Avila<br>Sherri Torres<br>Stephanie MacDonald<br>Janie Perelman |

| | |
|---|---|
| **Entity:** | Michaels Stores, Inc.<br>Entity ID Number 2748165 |
| **Entity Served:** | Michaels Stores, Inc. |
| **Title of Action:** | Heather Basile vs. Aaron Brothers, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Diego County Superior Court, California |
| **Case/Reference No:** | 37-2017-00004172-CU-OE-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/06/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Nicole R. Roysdon<br>619-692-0800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscglobal.com

EXHIBIT A TO CHRISTIE DECL. - PAGE 40